RUSSELL HOTCHKISS *& als. versus* WILLIAM R. HUNT *& al.*

Whether, in a *writ of entry*, the fact of non-tenure, seasonably pleaded by one of several tenants, be established by verdict, or the admission of the demandant, the effect will, so far as the tenant disclaiming is concerned, operate an estoppel of record.

But this result will not affect the right of the demandant to recover against the remaining defendants.

The return of the officer as to the choice of the appraisers, in a levy upon real estate, cannot be contradicted by parol.

ON REPORT.

WRIT OF ENTRY against William R. Hunt and William H. Hunt, to recover possession of certain land described in the return of the levy of an execution, issued upon a judgment, recovered in favor of the plaintiffs, against the defendants, in January, 1862.

William H. Hunt seasonably pleaded non-tenure, by brief statement, under the general issue, and filed a disclaimer, which was accepted by the plaintiffs.

The plaintiffs introduced copy of the judgment, execution, return and record thereof, of a levy upon the demand-

ed premises. The defendants offered to prove by J. C. Knowlton, that, on the day of the date of the levy, but before it was made, the defendants, then co-partners in the tanning business, showed to the officer holding the execution, their tannery and the land adjoining it, as their property, and upon which the execution creditors (demandants) or officer might levy their execution; that the said J. C. Knowlton was then and there chosen by the execution debtors, (defendants,) partners, as one of the appraisers to appraise and set off so much of the tannery and adjoining land, belonging to both of the defendants in common, as might be necessary to satisfy the execution and costs thereon; that thereupon the said Knowlton, with the other appraisers, proceeded to appraise and set off a portion of the tannery for the purpose aforesaid; that, after the appraisal had been made, the plaintiffs' attorney directed the officer to levy the execution upon other real estate, which is fully described in the record thereof; that the land thus set off was wholly owned and occupied by William R. Hunt, and that the said Knowlton was never selected by said William R. Hunt as one of the appraisers.

The case was thereupon reported for the decision of the full Court upon so much of the evidence reported as was legally admissible, with the agreement that, if the action could be maintained, judgment was to be for the demandants.

*Joseph Williamson,* for the plaintiffs.

*J. W. Knowlton,* for the defendants.

The offered evidence is admissible for every purpose except to contradict the officer's return.

The fact of non-tenure being proved, "defeats the action." R. S., c. 104, § 6.

W. H. Hunt's name might have been stricken out at *nisi prius,* but it cannot be done now. *Crocker* v. *Craig,* 46 Maine, 327; R. S., c. 77, § 17.

The action is maintainable against both defendants or

neither; for there is but one issue tendered, and the agreement forbids it. And it cannot be sent back to *nisi prius* for the same reason.

APPLETON, C. J.— This is a writ of entry. William H. Hunt, one of the defendants, seasonably pleaded that he was not tenant of the freehold, and disclaimed all right, title and interest in the demanded premises, which disclaimer was accepted by the demandants.

By R. S., c. 104, § 6, the tenant "may show that he was not in possession of the premises, when the action was commenced, and disclaim any right, title or interest therein, and proof of such fact shall defeat the action." It matters not whether the fact of non-tenure is established by the verdict of a jury or by the admission of the demandants. The effect in either case is the same. It operates, unless withdrawn, as an estoppel by record. *Greely* v. *Thomas*, 56 Penn., 35. The demandants, in the present case, decline contesting the facts set forth in the tenant's plea, and admit their truth.

The suit, then, as against the tenant disclaiming, is defeated. In torts, judgment may be rendered against some of the defendants and in favor of others, when there are many defendants. This is an action of tort. Upon the facts admitted, the tenant disclaiming is entitled to judgment and for his costs as the prevailing party, but this does not affect the right of the demandant to recover against the other defendant.

The title of the demandants is by levy. No exceptions are taken to the proceedings of the officer. John C. Knowlton was one of the appraisers chosen, as the return states, by the defendants, the judgment debtors upon whose estate the levy purports to have been made. The tenant offers to show that Knowlton was not chosen by Wm. R. Hunt, in whom he alleges the title to the land levied upon to be. But the return of the officer, as to the choice of appraisers, cannot be contradicted by parol. If false, the remedy of

the party aggrieved is by suit against the officer for a false return. *Huntress* v. *Tiney*, 39 Maine, 241.

*Judgment for plaintiffs against William R. Hunt.*

*Costs for William H. Hunt.*

KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.